**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANDRES SANCHEZ-VELLEGAS, | No. 15-71548 |
| Petitioner, | Agency No. A090-009-417 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 9, 2020**

Before: THOMAS, Chief Judge, TASHIMA and W. FLETCHER, Circuit Judges.

Andres Sanchez-Vellegas, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his applications for withholding of removal and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the agency's

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

particularly serious crime determination. *Arbid v. Holder*, 700 F.3d 379, 383 (9th Cir. 2012). Review is "limited to ensuring that the agency relied on the appropriate factors and proper evidence to reach [its] conclusion." *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015) (internal quotation marks omitted). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in determining that Sanchez-Vellegas's conviction for transportation or sale of a controlled substance under California Health and Safety Code § 11352(a) is a particularly serious crime that renders him ineligible for withholding of removal, where drug trafficking crimes are presumed to be particularly serious, and the agency relied on the appropriate factors and proper evidence in concluding he failed to rebut that presumption. *See* 8 U.S.C. § 1231(b)(3)(B)(ii); 8 C.F.R. § 1208.16(d)(2); *Miguel-Miguel v. Gonzales*, 500 F.3d 941, 949 (9th Cir. 2007) (recognizing the "strong presumption that drug trafficking offenses are particularly serious"). Because this determination is dispositive, we do not reach Sanchez-Vellegas's remaining contentions as to his eligibility for withholding of removal. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts are not required to decide issues unnecessary to the results they reach).

Sanchez-Vellegas does not raise, and therefore waives, any challenge to the agency's denial of CAT relief. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072,

1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

We lack jurisdiction to consider the due process claim that Sanchez-Vellegas raises for the first time in his opening brief because he did not exhaust this claim before the agency.  *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**